UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 06-51(RHK/JSM)

UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )
                              )    **ORDER**
     v.                       )
                              )
FRANKLIN DAVID KIRK,          )
                              )
            Defendant.        )

This matter came on before the Court pursuant to the Petition of the United States for Revocation of Supervised Release. The defendant was represented by Federal Defender Katherian D. Roe. The United States was represented by Assistant U.S. Attorney Andrew Dunne.

**FINDINGS OF FACT**

1. Defendant was sentenced by this Court on August 30, 2006, who fixed the period of supervision at three (3) years of Supervised Release. This Court imposed general terms and conditions and also imposed special terms and conditions including drug/alcohol treatment and psychological/psychiatric counseling and treatment.

2. On July 28, 2010, a Petition for Violation of Supervised Release was submitted by the U.S. Probation Office alleging the defendant had violated the terms and conditions of his residential placement at the Golden Valley Rehabilitation and Care Center. The

defendant had been placed at this care facility by the Probation Office to meet his physical, cognitive and psychiatric needs.

3. On July 30, 2010, the defendant appeared before United States Magistrate Judge Jeanne J. Graham on an initial appearance in connection with the Petition of the United States for Revocation of Supervised Release. At that time, the defendant made no effort to establish that he was competent. To the contrary, the defendant asserted through counsel that he was not competent. Magistrate Judge Graham, pursuant to 18 U.S.C. § 4241(a), found reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Accordingly, Magistrate Judge Graham, with the concurrence of the Government, ordered that the competency evaluation of the defendant be conducted pursuant to 18 U.S.C. § 4241(b).

4. On or about November 10, 2010, Miriam Kissin, Forensic Psychologist at FMC-Devens, prepared and submitted to the Court a Forensic Report concerning the mental competency evaluation conducted of the defendant. In this Forensic Report, Dr. Kissin concludes that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

proceedings against him or properly assist in his defense. This Forensic Report will be made part of the Court record in this matter.

5. The defendant is not requesting a hearing on this matter and the parties jointly agree that the Court may rely upon the aforementioned Forensic Report in making its determination under 18 U.S.C. § 4241(d) as to whether the defendant is mentally competent to proceed with this matter.

6. The Court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the supervised release proceedings against him or to assist properly in his defense.

THEREFORE, based upon all files, records and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendant shall be committed to the custody of the Attorney General pending the final revocation of Supervised Release hearing to be scheduled before this Court. The Attorney General shall hospitalize the defendant for treatment in a suitable facility, preferably FMC-Rochester, for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go

forward and for an additional reasonable period of time until his mental condition is so improved that the violation hearing may proceed, if the Court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward.

    2.   Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

    3.   Upon Order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: December 2, 2010

                                    <u>s/Richard H. Kyle</u>
                                    RICHARD H. KYLE, Senior Judge
                                    United States District Court